UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEVON MARTEEN DANIELS, <br><br> Plaintiff, <br><br> v. <br><br> BRIAN YOUNG, et al., <br><br> Defendant. | CASE NO. 3:24-cv-05077-JLR-BAT <br><br> **REPORT AND RECOMMENDATION** |

Plaintiff, Devon Marteen Daniels, a civilly committed detainee, filed a *pro se* prisoner civil rights complaint that alleges retired FBI Agent Brian Young, Detective John Ringer, and Pierce County Prosecuting Attorney Mary Robinett violated his Fourth Amendment rights. *See* Complaint, Dkt. 4. By separate order, Plaintiff has been granted leave to proceed *in forma pauperis* (IFP). *See* Dkt. 3.

The Court has reviewed Plaintiff's complaint and for the reasons below recommends it be DISMISSED with prejudice. Leave to amend should not be granted as amendment would be futile. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal).

REPORT AND RECOMMENDATION - 1

**DISCUSSION**

**A.      The Complaint's Allegations**

Plaintiff alleges the named Defendants "all tried to kill me" and use "illegal technology in my life to talk to me to watch me and to control me," all in violation of the Fourth Amendment to the United States Constitution. *See* Complaint, Dkt. 4 at 4. Plaintiff claims Defendants are using "worldwide 'satellites'" attached to laptop computers to eavesdrop, to communicate with Plaintiff and to "control his body." *Id.* at 5. He claims that with "a touch to hand to his laptop computer [Defendant Young] is able to move/control my body." *Id.* He also claims this Defendant tried to kill Plaintiff using explosives in "2010 in Wicksburg Arizona." *Id.*

Plaintiff alleges Defendants began violating his rights seven years ago and the "crimes are still current" and they continue to have "illegal satellites," and continue to "talk & communicate with from & through technology" using "Ft. Lewis military satellites." *Id.* at 7.

**B.      Legal Standards**

Under 28 U.S.C. § 1915(e), the Court must dismiss IFP complaints if "at any time" it is determined the complaint is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). "[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

An action is frivolous if it is based on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-30 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (dismissal is also appropriate when the facts alleged are "clearly baseless," "fanciful," "fantastic," or "delusional"). This Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of

REPORT AND RECOMMENDATION - 2

the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke,* 490 U.S. at 328.

An action is frivolous if the facts alleged are "clearly baseless," *Neitzke*, 490 U.S., at 327 or "fanciful," *id*. at 325, "fantastic," *id*., at 328, or "delusional." *Id.* The Supreme Court notes that as these words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

The Court finds Plaintiff's allegations that Defendants, some of whom are retired law enforcement officers, are using military satellites and their laptops to control his body and communicate or are trying to kill him are fanciful and fantastic. The Court accordingly recommends this action be DISMISSED with prejudice.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, Plaintiff should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **February 14, 2023.** The Clerk shall note the matter for **February 16, 2024**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 31st day of January, 2024.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 3