1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEVON MARTEEN DANIELS, | CASE NO. C24-5077JLR |
| Plaintiff, | ORDER |
| v. | |
| BRIAN YOUNG, et al., | |
| Defendants. | |

Before the court is Magistrate Judge Brian A. Tsuchida's report and recommendation, in which he recommends that the court dismiss Plaintiff Devin Marteen Daniels's 42 U.S.C. § 1983 civil rights complaint with prejudice and without leave to amend. (R&R (Dkt. # 5); *see* Compl. (Dkt. # 4).) Mr. Daniels, who is proceeding *pro se* and *in forma pauperis* (*see* IFP Order (Dkt. # 3)), filed a letter dated February 7, 2024, which the court construes as constituting timely objections to the report and recommendation. (Obj. (Dkt. # 6).) Having carefully reviewed the foregoing documents, the relevant portions of the record, and the governing law, the court ADOPTS the report

ORDER - 1

and recommendation and DISMISSES Mr. Daniels's civil rights complaint with prejudice.

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Because Mr. Daniels is proceeding *pro se*, the court must interpret his complaint and objections liberally. *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

Title 28 U.S.C. § 1915(e)(2)(B) requires a district court to dismiss a claim filed *in forma pauperis* "at any time" if it determines:  (1) the action is frivolous or malicious; (2) the action fails to state a claim; or (3) the action seeks relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it is based on "an indisputably meritless legal theory" or where the "factual contentions are clearly baseless." *Neitske v. Williams*, 490 U.S. 319, 327 (1989). "Clearly baseless" factual contentions include "fantastic or delusional scenarios." *Id.* at 328; *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (reaffirming that "clearly baseless" allegations subject to dismissal encompass those that are fanciful, fantastic, and delusional). "[T]he district courts, who are 'all too familiar' with factually frivolous

//

claims . . . are in the best position to determine which cases fall into this category." *Denton*, 504 U.S. at 1734 (quoting *Neitzke*, 490 U.S. at 328).

Magistrate Judge Tsuchida recommends that the court dismiss Mr. Daniels's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because the factual allegations are clearly baseless in that they are "fanciful," "fantastic," and "delusional," and the action is therefore frivolous. (R&R at 2-3.) Magistrate Judge Tsuchida also recommends that the court deny leave to amend on the basis of futility. (*Id.* at 1.) The court independently concludes that, even liberally construed, Mr. Daniels's allegations are clearly baseless. (*See* Compl. at 5 (alleging Defendants violated Mr. Daniels's Fourth Amendment rights by "illegally" "spying" on him from a worldwide satellite, "eavesdropping" and "communicating" with him, controlling his body and movements from a laptop, and trying to kill him with explosives); *see also id.* ("I have the (FBI) inside my mind . . . .").) This action is frivolous and must be dismissed. 28 U.S.C. § 1915(e)(2)(B)(i). The court also independently concludes that leave to amend would be futile.

Mr. Daniels raises objections to the R&R. (*See generally* Obj.) He asserts that Defendants attempted to kill him with explosives in 2016, not in 2010, as Magistrate Judge Tsuchida noted in the report and recommendation. (*Id.* at 1; R&R at 2.) Mr. Daniels also asserts this action is not frivolous because "the satellite came with a beam on it" that Defendants "pointed at" him, which is how Defendants "abduct[ed]" his body." (Obj at 1.) Mr. Daniels's objections only confirm that the factual allegations in the complaint are fanciful, fantastic, and delusional. Accordingly, the court ORDERS as follows:

1  1. The court ADOPTS the report and recommendation (Dkt. # 5);

2  2. Mr. Daniels's complaint (Dkt. # 4), and this action, are DISMISSED with

3 prejudice and without leave to amend; and

4  4. The Clerk is DIRECTED to send copies of this order to Mr. Daniels and to

5 Magistrate Judge Tsuchida.

6  Dated this 20th day of February, 2024.

                _____
                JAMES L. ROBART
                United States District Judge

ORDER - 4